OPINION OF THE COURT
David B. Saxe, J.
An attorney, who was preliminarily consulted by the claimant here for the purpose of evaluating a litigation commenced against him, owes no duty to appear for that claimant at a court-mandated arbitration and hence is not responsible in damages for a default judgment taken where the attorney never appeared as the attorney of record in that litigation and where, she had, prior to the time the default was taken, terminated any attorney-client relationship that may have existed between them by means of a written communication expressing her intent not to represent him.
The facts are brief: In March, 1981, the claimant consulted with the respondent, Ms.. Leland, regarding the settlement of a legal proceeding in which he was the defendant. At that time, and for some time previously, the attorneys of record representing the claimant were Ross, *232 Suchoff & Taroff, P. C. Ms. Leland sent a letter retainer agreement to the claimant explaining the fee arrangement arrived at between the parties and acknowledging the claimant’s payment of an initial retainer and a $75 consultation fee. On April 14, 1981, after her review was completed, she sent a letter to the claimant informing him that she had decided not to represent him. She explained in that letter that the claimant’s attorneys of record continued to be the law firm of Ross, Suchoff & Taroff, P. C. She also refunded all of the claimant’s payment except for the $75 consultation fee. On April 28,1981, Ross, Suchoff & Taroff, P. C., were granted their motion to be relieved as counsel for Mr. Martini. On May 13, 1981 the claimant failed to appear at a court-ordered arbitration and an arbitrator’s award was rendered against him by default. On May 27, 1981, after the default was taken, the claimant entered the respondent’s law office and allegedly created a disturbance and removed some art work from the wall. The picture was returned several days later with the assistance of the police.
The claimant seeks $1,492 in damages from the respondent for her alleged breach of contract in failing to appear for him at the arbitration and for allowing a default judgment to be taken against him. The respondent has counterclaimed in the amount of $1,500 based on the theories of conversion, trespass and assault with respect to the May 27, 1981 incident.
Is the respondent liable under any theory to the claimant for the damages he has suffered by virtue of the default entered against him? The answer is no. An attorney who is neither an attorney of record nor who undertakes to represent a client is not obligated to appear for that client in a pending litigation or to otherwise represent the client. The employment of a second attorney without proper substitution does not operate to make that attorney an attorney of record in a proceeding. (Matter of White, 52 App Div 225, app dsmd 170 NY 575.)
Nevertheless, even if Ms. Leland did not become an attorney of record, an attorney-client relationship did arise by virtue of her interactions with Mr. Martini. (6 NY Jur 2d, Attorneys at Law, § 50.) But, Ms. Leland had a right to *233 terminate that attorney-client relationship. She properly exercised her right to withdraw through her rejection letter of April 14, 1981 to Mr. Martini. (See 6 NY Jur 2d, Attorneys at Law, § 54.) Her retention of the $75 was reasonable. (See, generally, Wiener Corp. v Jack Corp., NYLJ, April 13, 1982, p 11, col 4.)
Even if the claimant reasonably believed that the respondent would represent him in the pending litigation by virtue of his initial conversations with her, this belief was no longer reasonable after Ms. Leland’s unambiguous letter of withdrawal was sent to him. He either knew or should have known by the end of April, 1981 that neither Ms. Leland nor his attorneys of record, Ross, Suchoff & Taroff, P. C., would represent him at the arbitration hearing scheduled for May 13, 1981. He had ample time to procure new counsel, but neglected to do so and may not now hold Ms. Leland responsible for his own inaction. I hold that the default taken against Mr. Martini is attributable to his own negligence and not to any actions on the part of Ms. Leland.
She is not responsible for the default taken against him.
Even where a client has already retained counsel for a pending litigation, he should be free to consult other attorneys for second opinions. A holding in favor of the claimant here would be contrary to the public interest because attorneys might then be reluctant to engage in such consultations.
The complaint is dismissed. The counterclaims are likewise dismissed as they were not proven at trial.